UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CORNELIUS MINOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cv-00059-JMB |
| TORRENCE AKINS,[1] | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Cornelius Minor's motion to correct defendant's name and to amend his complaint to add further details. (Docket No. 3). For the reasons discussed below, the Court will grant plaintiff's motion, and will further direct plaintiff to file an amended complaint on a Court-form pursuant to the instructions set forth below. The Court will also order plaintiff to either file a motion to proceed in forma pauperis or pay the full filing fee.

**Background**

On April 15, 2019, plaintiff filed a document with the Court that has been construed as a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint was not on a Court provided form.

Plaintiff states that he is currently being held at the Pemiscot County Jail in Caruthersville, Missouri. He alleges that Jail Administrator Akins has been "violating the law by giving cigarettes to the inmates in the jail." (Docket No. 1 at 1). He also states that Akins allows inmates to openly smoke, and has been providing them lighters and chewing tobacco to keep

---

[1] Plaintiff originally provided defendant's name as Adkins. However, in his most recent filing, he states that the correct spelling of defendant's surname is Akins, and that defendant's first name is Torrence. (Docket No. 3).

them from being disruptive. Plaintiff further asserts that there is painting going on at the jail that fills the pod with paint fumes making breathing difficult. He asserts that this is a "violation of OSHA policy." Plaintiff notes that "there are several thing[s] that" he would like to add, and concludes that the Pemiscot County Jail is flagrantly violating inmate rights. (Docket No. 1 at 2). No relief is specifically requested.

On April 25, 2019, plaintiff filed a second document that has been construed as a motion to correct defendant's name and to amend his complaint. (Docket No. 3). Plaintiff's filing clarifies that defendant's name is Akins, not Adkins, as defendant was previously identified. Furthermore, plaintiff indicates that defendant's first name is Torrence. He also states that he has further details that he wants to add to his complaint.

## Discussion

Plaintiff has filed a document that has been construed as a complaint pursuant to 42 U.S.C. § 1983. The complaint is deficient because it is not on a Court-form, does not indicate the capacity in which plaintiff is suing defendant, relies on conclusory language, and fails to assert that plaintiff's constitutional rights have been violated. Moreover, plaintiff has indicated that he wishes to amend his complaint with further details. Therefore, the Court will direct plaintiff to file an amended complaint according to the instructions provided below.

Plaintiff should type or neatly print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should fill out the form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff is also advised that he cannot bring claims on behalf of other prisoners; rather, he must allege a personal loss. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating

3

that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Finally, the Court notes that plaintiff has not filed a motion to proceed in forma pauperis in this case, nor has he paid the required $400 filing fee. Within **thirty (30) days** of the date of this order, plaintiff must either file a motion for leave to proceed in forma pauperis or pay the filing fee. If he files a motion for leave to proceed in forma pauperis, it must be accompanied by a certified copy of his inmate account statement for the six months immediately preceding the filing of the complaint. Failure to comply with this requirement will result in the dismissal of this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to correct defendant's name and to amend his complaint (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the case caption to reflect that defendant's name is Torrence Akins.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send to plaintiff a copy of the Court's Motion to Proceed In Forma Pauperis form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** from the date of this order in accordance with the instructions set forth above. **If plaintiff fails to comply fully and timely with this order, the Court will dismiss this action without prejudice and without further notice**.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion for leave to proceed in forma pauperis within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion for leave to proceed in forma pauperis, he must include a certified copy of his inmate account statement.

**IT IS FURTHER ORDERED** that upon filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of May, 2019.