# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CORNELIUS MINOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:19-cv-00059-JMB |
| TORRENCE AKINS, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On October 28, 2019, the Court ordered plaintiff to file an amended complaint on a Court form. (Docket No. 12). Plaintiff was given thirty days in which to comply. However, he has failed to respond. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(b).

### **Discussion**

Plaintiff is a pro se litigant. At the time he originated this action, he was incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. On April 15, 2019, plaintiff filed a document with the Court that was construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint was not on a Court form. Plaintiff subsequently sent a letter to the Court in which he sought to correct defendant's name. (Docket No. 3).

On May 1, 2019, the Court issued an order directing plaintiff to file an amended complaint on a Court-provided form. (Docket No. 4). Plaintiff was further ordered to either submit a motion for leave to proceed to proceed in forma pauperis or pay the filing fee.

Plaintiff complied by filing an amended complaint on May 15, 2019. (Docket No. 5). He also filed a motion for leave to proceed in forma pauperis, along with a certified inmate account statement.

On July 11, 2019, plaintiff sent a letter to the Court that was construed as a motion to amend his complaint by interlineation. (Docket No. 9). In the letter, plaintiff stated that he wanted "to make some changes to this case." Specifically, he sought to "release" defendant Torrence Akins from all charges while holding defendant Pemiscot County Jail as the sole responsible party. Plaintiff failed to provide a proposed amended complaint.

On October 28, 2019, the Court denied plaintiff's motion, as the Court does not allow amendments to pleadings by supplementation or interlineation. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding "that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate"). However, the Court directed the Clerk of Court to send plaintiff a copy of the Court's civil rights complaint form. The Court also directed plaintiff to file an amended complaint within thirty days, along with a motion to amend.

More than thirty days have elapsed since the Court's order. However, plaintiff has not submitted an amended complaint or filed a motion seeking an extension of time. Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's October 28, 2019 order, or filed any sort of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of October 28, 2019. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of February, 2020.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE